The Court ordered on the demurrer first.
Cullen. — The action is in trover for $86; defendant pleads the act of limitations; plaintiff replies that there was a former suit for this money, in which there was judgment for defendant, and this judgment was afterwards reversed in error, and this suit was brought within a year. To this we have demurred. There is no such saving in the statute, or time given to renew suit on the reversal of a judgment for defendant. Section 10 of the act of limitation provides for *Page 9 
the case of a judgment for plaintiff being reversed. There is no reason for a saving in case of a judgment for defendant reversed.
Layton. — On reversal of a judgment for defendant by the Court of Appeals, what becomes of the suit? Is the plaintiff to begin a new suit? And if so, what if the statute has run in the mean time? A plaintiff is within the spirit of the act, though not within its terms. The reversal of a judgment for the defendant in the court above, on the appeal of a plaintiff, might be a positive injury to the plaintiff, if he is to be barred in the mean time by limitation. There is no relief for this, unless the case is within the spirit of the saving of the act of limitation. (Dig. 398, sec. 10.)
"SEC. 10. Provided also, That if in any action; judgment shall be rendered for the plaintiff, and the said judgment be afterward reversed, or verdict be given for the plaintiff and judgment be arrested, or judgment be given against the plaintiff on a plea in abatement, or the plaintiff or defendant die after writ sued and before the defendant's appearance; a new action may be brought upon the same cause of action at any time within a year after said reversal, arrest, abatement or death. This proviso however shall not avail, if the first action at the time of bringing it were barred by this act; but if this act were pleaded in the first action and verdict thereupon found for the plaintiff, such verdict shall be conclusive evidence that the first action was not at the time of bringing it barred by this act."
The Court stopped Mr. Cullen. There is no saving in the case of a reversal of a judgment for a defendant, and no need of one; and if there were such a saving, it would enable the plaintiff to bring successive suits indefinitely, as often as the judgment against the defendant is reversed.
The remedy in this and all such cases is to proceed in the original suit, on a reversal by the Court of Appeals; and the plaintiff should have applied to that court for a procedendo.
 Judgment for demurrant.